## Commonwealth v. Smith

*Gerald A. Lord, assistant district attorney,* for the Commonwealth.
*Daniel M. Fennick,* for defendant.

HORN, *J.,* February 1, 1991 — In this case, defendant was the driver of a Ford Bronco which was involved in an accident at the intersection of Route 30 and Roths Church Road in Jackson Township, York County, Pennsylvania.

This matter initially came before the court on defendant's omnibus pretrial motion seeking to suppress evidence relating to the arrest of defendant on the theory that the police officer did not have probable cause to require defendant to submit to a

blood alcohol test which revealed a blood alcohol level of 0.232 percent.

Defendant offered the testimony of Dr. Lawrence Guzzardi, a board-certified specialist in emergency medicine and toxicology. Doctor Guzzardi testified that ethyl alcohol has no odor and that any odor from the ingestion of alcoholic beverages arises from the metabolism of grain or hops. The testimony further revealed that near-beer or no-beer such as O'Doules, while having the flavor of hops, does not have an alcohol content. The doctor further testified that a person suffering from head injuries could have slurred speech or an unsteady gait.

The police officer in this case indicated that defendant had slowed and slurred speech, that his eyes were glassy and that he stated to her that he was not injured; however, there was blood coming from his nose. The police officer detected the odor of alcohol, but did not administer field tests because of the possibility of the defendant being injured.

Based upon the totality of the police officer's observation, she made a determination that he was under the influence of alcohol, placed him under arrest and requested that he submit to a blood test at the York Hospital which he voluntarily agreed to do.

Based upon the totality of the evidence with which the police officer was confronted, it is the opinion of the court that the police officer had probable cause to arrest defendant and to request that he submit to a blood alcohol test; therefore, defendant's motion to suppress the evidence obtained in this case is refused.

The second issue that arose in the course of this proceeding occurred because defendant had also been arrested for having made a left-hand turn into the lane of travel of Thomas Bechtel causing the

accident. A summary citation was issued for violating section 3322 of the Motor Vehicle Code to which the defendant pled guilty on August 18, 1990, and paid a fine.

The defense at the suppression hearing asked the court to dismiss the driving while under the influence prosecution on the grounds of double jeopardy because of the recent decision rendered by the United States Supreme Court in the case of *Grady v. Corbin,* ___ U.S. ___, 110 S.Ct. 2084, 109 L.Ed. 2d 548 (1990).

Because the defense has raised a constitutional issue, we shall consider the argument at this time without the necessity of filing a formal petition or motion to dismiss on the grounds of double jeopardy. An analysis of *Grady, supra,* will indicate that the decision does not significantly change the law in the area of double jeopardy. In *Grady,* the defendant pled guilty to three motor vehicle violations, namely (1) operating a motor vehicle on a highway in an intoxicated condition, (2) failing to keep to the right of the median and (3) driving at a speed too fast for the weather and road conditions. Later, the county court indicted defendant with reckless manslaughter, criminally negligent homicide and third-degree reckless assault. The prosecutor indicated by bill of particulars that the state would rely on the three violations to which defendant had already pled guilty as the basis for proving the new charges. A reading of *Grady, supra,* reveals that in order to prove the new misdemeanor charges of reckless manslaughter, criminally negligent homicide or third-degree reckless assault, all of the elements of any one of the original motor vehicle charges to which the defendant had already pled guilty would have to be proven; therefore, one of the complete offenses to which the defendant had already pled

guilty was essential in order to prove the new misdemeanor charge.

Justice Brennan, in deciding *Grady, supra,* held that if to establish an essential element of an offense subsequently charged, the government will prove *conduct that constitutes an offense for which the defendant has already been prosecuted,* the double jeopardy clause would bar the subsequent prosecution.

*Grady, supra,* clearly provides:

"[T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an 'actual evidence' or 'same evidence' test. The critical inquiry is what conduct the state will prove, not the evidence the state will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding. See *Dowling v. United States,* 493 U.S. __ (1990)."

A close reading of Justice Brennan's decision reveals that if in order to establish *an element* of the second offense, one would have to prove in its entirety the conduct or *all elements* of an offense for which the defendant has already been prosecuted or to which he plead guilty, double jeopardy attaches.

Applying this test to the case before the court, the mere act of driving in and of itself is not an offense per se for which a person can be prosecuted. In the case before this court, the element that is essential to be established in order to prove the driving while under the influence is defendant's intoxication, which has no relationship whatsoever to the offense

to which he pled guilty, which is turning left at an intersection and failing to yield the right-of-way. A person can clearly be guilty of failing to yield the right-of-way and not be guilty of driving while under the influence of intoxicants. Because the proof of all elements of the summary offense is not required in order to prove the offense presently charged, we hold that the two offenses in this case are separate and distinct and that the elements of the summary offense need not necessarily be established in order to prove the driving while under the influence charge; therefore, the prosecution established in the *Grady, supra,* case is not present in the instant case.

Numerous facts go into the proof of making a left turn and failing to yield the right-of-way. Clearly, those elements are not necessary to prove the offense of driving while under the influence. One need not prove making a left turn and failing to yield to prove driving while under the influence. A person can violate the provision of the left-turn offense section 3322 and not be under the influence of alcohol. The mere fact that each statute requires the person to drive a motor vehicle is of no consequence.

Proof of either offense is not an integral element of the other; therefore, the prohibition suggested in *Illinois v. Vitale,* 447 U.S. 410 (1980), and decided by *Grady, supra,* is not present in the instant case.

Our Superior Court interpreting *Grady, supra,* in *Commonwealth v. Labelle,* 382 Pa. Super. 356, 579 A.2d 1315 (1990), observed:

"However, because appellee entered pleas of guilty to the summary offenses, the record does not disclose the nature of the conduct upon which the Commonwealth would have relied to prove the charges against appellee. Unlike the record before the Supreme Court in *Grady v. Corbin, supra,* in

which the actions upon which the state intended to base the subsequent prosecution were revealed in terms specific enough to enable the court to determine that respondent had already been prosecuted for the same conduct, the record in the case before us is devoid of any evidence clearly establishing the identity of conduct that invokes the Double Jeopardy Clause.

"Therefore, although appellee asserts that the DUI prosecution is barred by the Double Jeopardy Clause, he has failed to demonstrate, either to the trial court or to this court, that his conviction on the reckless driving charge was necessarily based on either his blood alcohol level or the effect of alcohol on his ability to drive."

The plea-trial sequence approved by the Superior Court in *Labelle* is not violated in the instant case.

Accordingly, defendant's motion to dismiss on the grounds of double jeopardy is refused as well as the motion to suppress.

The clerk of courts will give notice of the entry of this order as required by law.